UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEROY C. MCDONALD,

        Petitioner,

v.                                 Case No:  2:10-cv-408-FtM-38UAM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

        Respondents.[1]

_____/

**OPINION AND ORDER[2]**

_____

[1]Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."  The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542 U.S. 426, 435 (2004).  This is "'the person with the ability to produce the prisoner's body before the habeas court.'"  Id. at 435-436.  When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official." Id. at 436 (citations to other authorities omitted).  Alternatively, the chief officer in charge of the state penal institution is also recognized as the proper named respondent.  Rule 2(a), Sanders v. Bennet, 148 F.2d 19 (D.C. Cir. 1945).  In Florida, the proper Respondent in this action is the Secretary of the Florida Department of Corrections.  Thus, the Florida Attorney General will be dismissed from this action.

[2] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Leroy C. McDonald (hereinafter "Petitioner" or "Defendant") initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254 and supporting memorandum (Doc. #2). Petitioner challenges his 2005 conviction, after a jury trial, for robbery, for which he is serving a fifteen-year sentence. The Petition identifies six grounds for relief.  See generally Petition.

Respondent filed a Response to the Petition (Doc. #21, Response), and attached exhibits in support (Exhs. 1-23). Respondent acknowledges that the Petition is timely filed pursuant to 28 U.S.C. § 2244(d). Response at 3-4.  Nonetheless, Respondent contends that the Petition must be denied because Petitioner fails to satisfy the requirements of § 2254(d) and (e).  Response at 17-35.  Petitioner filed a Reply to the Response (Doc. #24, Reply).  This matter is ripe for review.

## II. Procedural History

Petitioner was charged with robbery with a firearm in case number 03-3196-CF. Vol. II at 6.  A jury found him guilty of the lesser offense of robbery. Vol. IV at 192. Pursuant to the guilty verdict, the trial court sentenced Petitioner to fifteen-years in prison as a prison releasee reoffender and as a violent habitual offender. Petitioner, through counsel, pursued a direct appeal raising two grounds for relief: (1) whether the trial court erred in denying Petitioner's motion to suppress the in-court identification; and, (2) whether the trial court erred in sentencing Petitioner.  Exh. 2.  The appellate court reversed the trial court only with respect to the dual sentencing enhancements. Exh. 5;  McDonald v. State, 946 So. 2d 1266 (Fla. 2d DCA 2007).  On remand, the trial court re-sentenced Petitioner to 15-years as a prison release reoffender.  See Exh. 16.

Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Exh. 7. The postconviction court permitted Petitioner leave to amend his Rule 3.850 motion. See Exh. 10. Petitioner's Amended Rule 3.850 Motion raised eight grounds for relief. Id. After the State filed a brief in response, Exh. 9, and Petitioner filed a reply brief, Exh. 15, the postconviction court entered an order summarily denying Petitioner relief. Exh. 16. Following the postconviction court's denial of rehearing, Petitioner appealed, Exh. 20, and the appellate court *per curiam* affirmed the postconviction court's order. Exh. 21; McDonald v. State, 36 So. 2d 98 (Fla. 2d DCA 2010). Petitioner then initiated the instant action.

### III.  Applicable § 2254 Law

**Deferential Review Required By AEDPA**

Petitioner filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, 559 U.S. 43, 47 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of

federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. 770.   First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision.   Id. (citations omitted).   More specifically, Petitioner must "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."   Id. at 770, 786-87.   Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review."   Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005).   The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence.   28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits."   Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order.   Id.

### III.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court.  Schriro v. Landrigan, 550 U.S. 465, 473-475 (2007).  Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.  Schriro, 550 U.S. at 474-475; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

### A. Trial Court Error

In Ground One, Petitioner argues that the trial court violated his right to Due Process by permitting Barbie Edison to identify Petitioner as the person who robbed the Merita Bread Store in court during the trial.  Petition at 7.  Petitioner explains that the trial court granted defense counsel's motion to suppress Edison's out-of-court identification finding that the out-of-court identification was unnecessarily suggestive, but erroneously allowed Edison to later identify Petitioner as the robber in court.  Id. at 7.[3]  Petitioner argues that the police used a suggestive photo lineup that improperly influenced Edison's in-court identification.  Id. at 15.  Petitioner submits that there was no physical evidence presented at trial to implicate him as the robber and the only other evidence consisted of another eye witness who identified the Petitioner as the robber. Id.

---

[3] The pinpoint citations herein reflect the numbers reflected on the Court's Case Management and Electronic Filing System, not the handwritten numbers written by Petitioner.

Respondent asserts that when Petitioner raised this claim on direct appeal, he did not raise a federal due process violation.  Response at 10.  Consequently, to the extent Petitioner asserts a due process violation for the first time, such a claim is unexhausted and procedurally defaulted.  Id.  Respondent further argues that defense counsel had the opportunity to cross-examine Edison regarding her out-of-court identification; therefore, he waived any constitutional claim related to her testimony.  Id.  To the extent Petitioner argues that the trial court should not have permitted Edison's in-court identification, Respondent points out that the trial court found Edison's testimony was reliable.  Id. at 14-15.

The Court finds Petitioner fairly presented a claim that his due process rights were violated by Edison's in-court identification to the state court.  See Exh. 2.  On direct appeal, Petitioner mentioned that suggestive identification procedures could result in a denial of a criminal defendant's right to due process of law, Exh. 2 at 22, and cited Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1968, 18 L.Ed. 2nd (1967) and Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed. 2nd 402 (1969).  Petitioner proceeded to set forth the trial court's findings of fact regarding each of the Biggers factors, but pointed out issues in the court's factual findings.  Consequently, the Court finds Petitioner alerted the State court to the presence of a federal due process claim.  Petitioner's brief on direct appeal and the instant Petition sufficiently raise the same claim.  Therefore, the Court concludes that Petitioner exhausted this due process claim and now addresses the merits.

"'An eyewitness identification may constitute a due process violation if the identification procedures were 'unnecessarily suggestive and conducive to irreparable

mistaken identification.'"  Irwin v. McDonough, 243 F. App'x 486, 492 (11th Cir. 2007)(citing Stovall v. Denno, 388 U.S. 293, 302 (1967); Manson v. Brathwaite, 432 U.S. 98, 104 (1977); Neil v. Biggers, 409 U.S. 188, 196 (1972)).   "The fact that the identification procedure used was suggestive, alone, does not violate due process." Id. (citing Neil, 409 U.S. at 198-99).   The core question is whether under the totality of the circumstances, the in-court identification was reliable.  Jones v. Newsome, 846 F.2d 62, 64 (11th Cir. 1988); see also Figueroa v. Sec'y D.O.C., 2008 WL 4371359 (M.D. Fla. Sept. 22, 2008)(analyzing ineffective assistance of counsel claim for failing to file a motion to suppress in-court identification).  In Neil v. Biggers, 409 U.S. 188, 199 (1972), the United States Supreme Court identified the following factors for the court to consider when determining the reliability of an identification: (1) whether the witness had the opportunity to view the criminal at the time of the crime; (2) the degree of attention by the witness; (3) the accuracy of the witness's proper description; (4) the level of certainty displayed by the witness; and (5) the length of time between the crime and the identification.  Id. at 199; see also Hawkins v. Sec'y Fla. Dept. of Corr., 219 F. App'x 904 (11th Cir. 2007)(affirming district court's order denying relief that trial court erred when it suppressed out-of-court identification, but permitted in-court identification).

Here, the trial court granted defense counsel's motion to suppress Edison's out-of-court identification of Petitioner, finding that the photographic array was unnecessarily suggestive, but denied defense counsel's motion to suppress Edison's in-court identification.  The trial court found that Edison's identification was reliable.  The trial court ruled as follows:

> The testimony was that the defendant allegedly robbed the store in which the witness was a customer.  The witness

testified that she stood side by side with the defendant for several moments and the defendant noticing that at that time, he then took further action and told the witness to get in the back room.  The witness then looked directly in the face for a few seconds and she also indicated that she told the detective handling the investigation a complete full description of the defendant and was fairly precise in that description.  The witness was then called to the Police Department several days later but could not come so the detectives came to her house where the lineup of pictures were shown to the witness.

The Court further finds that the testimony of the time that the witness was able to view the crime plus her description given to the detective before any pictures were shown established sufficiently that the witness was identifying the defendant from her own personal observations and her recollections were indicated to the Police Department before any pictures were shown.  Therefore, any direct identification of the defendant by this witness will not be suppressed.

See Order on Mot. Suppress, Exh. 1, Vol. II at 24-25.  On direct appeal, the appellate court *per curiam* affirmed the trial court's decision as to this claim.

The Court finds the State courts' findings were not contrary to federal law.  Although the trial court did not mention the case by name, the factors the trial court considered were those set forth in Neil v. Biggers.  In pertinent part, the trial court found that Edison had an independent recollection based on what she witnessed during the robbery, which was separate from the subsequently suppressed identification based on the out of court photographic array.  Edison testified during the suppression hearing that she stood beside the robber in line and that she looked directly at his face at one point during the robbery.  Edison further testified that she gave a physical description of the robber to the police at the scene of the robbery.  Thus, the record from the suppression hearing supports the trial court's finding that Edison had a good opportunity to view the robber and identify Petitioner as the robber.  See Trans. Mot. Supp. Hearing, Vol. V at

206-217.  Petitioner's claim that Edison did not give a description of the perpetrator who robbed the Merita Bread Store and described the assailant as "unknown," is refuted by Edison's testimony during the suppression hearing.  See Id. at  217-219.  The trial court's findings on the Biggers factors are entitled to presumption of correctness, and Petitioner has not shown the findings were clearly erroneous.[4]  Consequently, Petitioner is denied relief on Ground One.

### B.  Ineffective Assistance of Counsel Claims

In  Ground Two, Petitioner raises three claims of ineffective assistance of counsel, which the Court labels as sub-claims A through C.  Petitioner further argues that the cumulative effect of these errors rendered his trial unfair, which the Court will address as sub-claim D.

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  Newland, 527 F.3d at 1184.  In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made

---

[4]Even if the trial court did error by allowing Edison's in-court identification, the error is harmless because the store clerk also identified Petitioner as the robber during trial.  Brecht v. Abrahamson, 507 U.S. 619, 629 (1993).  Thus, Edison's identification did not have a substantial and injurious effect or influence in determining the jury's verdict, because the store clerk also identified Petitioner as the robber.

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. 4, 7 (2009); Cullen v. Pinholster, 131 S.Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 558 U.S. at 9 (internal quotations and citations omitted).   It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny.  Id.  A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.  An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state

the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

**Sub-claim A**

Petitioner argues that trial counsel rendered ineffective assistance by failing to call two police officers, Detective Dennis Keen and Randy Jelks, to testify at the suppression hearing.  Petition at 19.  Petitioner believes that these officers would have testified that Edison did not provide a physical description of the robber at the scene. Id.  Petitioner argues that counsel's failure to have these witnesses testify prejudiced him because Edison was permitted to identify Petitioner as the robber in court.  Id. at 20.  Petitioner further argues that the postconviction court did not specifically address this issue when it denied him relief on this claim.  Id. at 21.

Respondent concedes that this claim is exhausted to the extent raised as an ineffective assistance of counsel claim.  Response at 18.  Turning to the merits, Respondent refers the Court to the postconviction court's order summarily denying Petitioner relief on this claim, arguing that Petitioner does not overcome the presumption of correctness afforded to the postconviction court's determination.  Id. at 23 (citing Exh. 16 at 3-4).

The instant claim was raised as ground four in Petitioner's Amended Rule 3.850 Motion.  See Exh. 16 at 3-4.  The postconviction court summarily denied Petitioner relief on these claim, finding as follows:

> . . . . . Defendant argues that counsel was ineffective for failing to call Detective Keen and Officer Jelks as witnesses at the suppression hearing.  Defendant contends that by failing to call these witnesses at the hearing, counsel failed to challenge any part of Ms. Edison's prior description testimony.  The record refutes Defendant's claim, since counsel did challenge Ms. Edison's prior description, and impeached her testimony using her deposition testimony. Relevant portions of the hearing transcript are attached. There is no reasonable probability that the outcome of the suppression hearing would have been different had counsel called the two proposed law enforcement witnesses.  Their testimony would have been cumulative to Ms. Edison's testimony.  Counsel adequately challenged Ms. Edison's identification of Defendant, and succeed in suppression of her out-of-court photo identification.  Counsel's failure to prevail in obtaining the suppression of the in-court identification had nothing to do with any alleged failure to call more witnesses.  See the trial court's order on the motion to suppress, attached.  Defendant has failed to allege any facts that, if true, would meet his burden as to either prong of <u>Strickland</u>.

Exh. 16 at 3-4; <u>see</u> <u>also</u> Exh. 18 at 2 (clarifying that ground one subclaim A and ground four were the same claim in the postconviction motion and addressed as ground four). Petitioner appealed the postconviction court's ruling and the appellate court *per curiam* affirmed the decision.

The Court finds that the State courts' decisions were neither contrary to, nor an unreasonable application of <u>Strickland</u>.  The postconviction court applied the standard set forth in <u>Strickland</u> to Petitioner's claims of ineffective assistance of counsel, finding neither prejudice, nor deficient performance, because counsel did attempt to suppress Edison's in-court identification of Petitioner as the robber and because the purported testimony from the officers would not have changed the trial court's ruling.  Evidence was presented during the suppression hearing and at trial that cast doubt on Edison's identification of Petitioner as the robber in court.  <u>See</u> Vol. V; Exh. 16 at 225-237.

"'Where a claim of ineffective assistance is based on counsel's failure to call a witness, the burden to show prejudice is heavy because 'often allegations of what a witness would have testified to are largely speculative.'"  Walker v. Sec'y, Fla. Dep't of Corr., 495 F. App'x 12, 17 (11th Cir. 2012)(citing Sullivan v. DeLoach, 459 F.3d 1097, 1109 (11th Cir. 2006)).   Petitioner's argument that these two officers would have testified that Edison did not provide a detailed physical description of the robber until after she saw the suggestive photographic lineup is speculative at best.   Officer Keen never said during his deposition that Edison could not describe the perpetrator.   See Exh. 1 at 280-290.   Instead, Keen explained that both the store clerk and Edison provided a description in the sworn statement taken about 45 minutes after the robbery occurred.   Id. at 285-287.   Specifically, Keen opined that Edison would be able to identify the robber because "she was standing just to the side of him, off his back shoulder."  Id. at 287.     Officer Jelks testified during his deposition that Edison's description of the robber was "about the same" as the store clerk, who told him the suspect was a black male, between late thirties, early forties.  Probably about five-ten, five-eleven. . . . . Probably a muscular man, real black. . . . ."  Pet. Exh. D at 50.  .  "'[W]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess.'"  Hall v. Thomas, 611 F.3d 1259, 1293 (11th Cir. 2010)(citing Rhode, 582 F.3d at 1284).   As a result of defense counsel's strategy, the trial court suppressed introduction of Edison's out-of-court identification of Petitioner.   Petitioner has not established that the State courts' unreasonably applied the facts based on the evidence presented to the court. Based on the foregoing, the Court does not find that defense counsel rendered ineffective

assistance of counsel in violation of the Sixth Amendment.   Consequently, Petitioner is denied relief on sub-claim A of Ground Two.

**Sub-claim B**

Petitioner argues that defense counsel rendered ineffective assistance by failing to impeach the testimony of Detective Sellers at the suppression hearing.   Petition at 22.   Specifically, Petitioner faults counsel for not asking Sellers any questions about Sellers' testimony on direct examination that Petitioner's "vehicle fit the vehicle description" given by Edison of the one used in the robbery, which was not accurate.   Id. Petitioner submits that Sellers' testimony improperly bolstered Edison's identification of Petitioner as the robber because she had provided the description of the robber's vehicle from the Merita Bread Store robbery.   Id. at 23.   Petitioner claims the postconviction court "misapprehended" "the substance" of his argument when it denied him relief on this claim.   Id. at 24.

Respondent refers the Court to the postconviction court's order denying Petitioner's motion for rehearing on his Amended Rule 3.850 Motion, and argues that Petitioner's allegations do not satisfy Strickland's deficiency prong.   Response at 26. Respondent also argues that Petitioner fails to set forth a sufficient basis upon which to conclude that no reasonable competent attorney would have foregone the proposed line of questioning.   Id.

In denying Petitioner's Amended Rule 3.850 Motion, the postconviction court found:

> **As to Ground 1,** Defendant argues counsel was ineffective for failing to properly prepare and conduct the motion to suppress.   The record reflects counsel filed the motion to suppress identification, and after a hearing, the trial court

ruled that the out-of-court photo identification was tainted due to police misconduct.  The trial court permitted an in-court identification based on personal observation by the witness at the time of the offense.  Copies of the motion and order are attached.  Counsel argued the motion at length, and succeeded in getting the out-of-court identification suppressed.  Counsel cannot be ineffective for failing to prevail on an issue raised and properly rejected by the trial court.  Teffeteller v. Dugger, 734 So. 2d 1009, 1020 (Fla. 1999); Spencer v. State, 842 So.2d 52 (Fla. 2003). Defendant has failed to allege any facts that, if true, meet his burden as to either prong of Strickland.

Exh. 16 at 2-3.  In the order denying Petitioner's motion for rehearing specifically on this particular sub-claim, the postconviction court noted:

As to sub-issue 1B, that counsel failed to cross examine Officer Sellers during the suppression hearing regarding the vehicle identification, Defendant admitted in his motion that such information would not have been relevant; therefore, counsel could not be ineffective for failing to raise this issue, and doing so would not have had any reasonable probability of changing the outcome.

Exh. 18 at 2.   The appellate court *per curiam* affirmed the postconviction court's order.

The Court finds that the State courts' decisions were neither contrary to, nor an unreasonable application Strickland.  The postconviction court applied the standard set forth in Strickland to Petitioner's claims of ineffective assistance of counsel, finding neither prejudice, nor deficient performance.  The postconviction court's factual finding is not contrary to the record.   The line of questioning Petitioner takes issue with occurred during the direct examination of Detective Sellers.   The prosecutor asked Sellers whether the vehicle involved in a police pursuit fit the description of the vehicle from the robbery at the Merita Bread Store, see Vol. V at 241, and Sellers answered in the affirmative.  The prosecutor then asked whether Sellers' developed Petitioner as the suspect of the Merita Bread Store robbery based on the vehicle description, to which

Sellers answered no.   Sellers then explained that Petitioner was developed as the suspect because they had four robberies all in the same day with "similar physical descriptions" and "similar MOs."  Id.   The question regarding the vehicle description was asked to determine how Petitioner was developed as a suspect in the robbery.  The question was not asked for purposes of giving credibility to Edison.  Defense counsel's cross-examination focused on asking Sellers about the photographic lineup he presented to Edison.  Id. at 244-249.   As previously mentioned, the trial court granted defense counsel's motion to suppress in part and suppressed Edison's out-of-court identification based on the photographs.   Because Petitioner cannot show the State courts' decisions were contrary to or an unreasonable application of clearly established federal law, nor that the State court's factual finding was unreasonable based on the evidence presented, Petitioner is denied relief on sub-claim B of Ground Two.

**Sub-claim C**

Petitioner argues that defense counsel rendered ineffective assistance when he stipulated to the introduction of a surveillance photograph into evidence at the suppression hearing.  Petition at 24.  Petitioner states that the surveillance photograph depicted "a black male disguised in a baseball cap and sunglasses" and was taken during a robbery of a gas station.  Id.  Petitioner asserts that the introduction of the surveillance photograph at the suppression hearing improperly corroborated Edison's identification of Petitioner as the robber, because she had testified that she identified Petitioner as the robber from a surveillance photograph.  Id. at 25-26.  Petitioner claims that he told defense counsel that the person in the surveillance photograph was not him, id.at 25, and counsel did not consult with him prior to making the stipulation.  Id.at 26.

Respondent argues that Petitioner has not plead facts to overcome the strong presumption that counsel's decisions related to the photographic evidence were in exercise of professional judgment.  Response at 28.  Respondent further argues that Petitioner cannot show that prejudice by counsel's alleged stipulation.  Id.

In denying Petitioner's motion for re-hearing on the Amended Rule 3.850 Motion, the postconviction court noted:

> As to sub-issue C, that counsel was ineffective for stipulating that the surveillance photo showed Defendant, it appears counsel was merely identifying the State's exhibit as the State had characterized it, not making a formal stipulation. Further, if this was error, it would not have had a reasonable probability of changing the outcome.

Exh. 18 at 2.  The appellate court *per curiam* affirmed the postconviction court's order.

The Court finds that the State courts' decisions were neither contrary to, nor an unreasonable application of Strickland.  The postconviction court applied the standard set forth in Strickland to Petitioner's claims of ineffective assistance of counsel, finding neither prejudice, nor deficient performance.  The postconviction court's factual findings are not unreasonable based on the evidence presented.

The record refutes Petitioner's allegations that defense counsel improperly stipulated to the surveillance photograph.  As the postconviction court found, the record shows that defense counsel merely identified the State's exhibit as the State had characterized it, and did not make a formal stipulation.  See Vol. V at 346-248.  The photograph was in fact discussed for purposes of suppressing Edison's out-of-court identification and was a benefit to Petitioner.  See generally Id.  Based on the foregoing, Petitioner is denied relief on sub-claim C of Ground Two.

**Sub-claim D**

Petitioner argues that the cumulative impact of the above-mentioned ineffective assistance of counsel prejudiced him.   Petition at 28.   Respondent asserts that such an argument does not present a cognizable basis for relief.   Response at 28.   Respondent further refers the Court to the postconviction court's order denying Petitioner relief on his cumulative claim, arguing that it is objectively reasonable to conclude that singularly or cumulatively, the allegations of ineffective assistance of counsel meet neither prong of Strickland.

In denying Petitioner's motion for re-hearing on his Amended Rule 3.850 Motion, the postconviction court summarized:

> [W]here the other allegations of ineffective assistance of counsel have been denied, there is no cumulative error. Downs v. State, 740 So.2d 506, 509 (Fla. 1999).

Exh. 18 at 2.  The appellate court  *per curiam* affirmed the postconviction court's order.

No Supreme Court authority recognizes ineffective assistance of counsel "cumulative error" as a separate violation of the Constitution, or as a separate ground for habeas relief.  See Lorraine v. Coyle, 291 F.3d 416, 447 (6th Cir. 2002) ("The Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief."), amended on other grounds, 307 F.3d 459 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003); see also Forrest v. Fla. Dep't of Corr., 342 F. App'x 560, 564-65 (11th Cir. 2009)(noting that the United States Supreme Court has not addressed the applicability of the cumulative error doctrine in the context of an ineffective assistance of counsel claim)(citing United States v. Cronic, 446 U.S. 648, 659 n. 26 (1984)("'there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt.'"))

In Spears v. Mullin, 343 F.3d 1215, 1251 (10th Cir. 2003), the Court stated: "Because the sum of various zeroes remains zero, the claimed prejudicial effect of their trial attorneys' cumulative errors does not warrant habeas relief." Likewise, because Petitioner has not shown that any of his previously identified ineffective assistance of counsel claims have merit, he cannot show that the cumulative effective of these claims had any impact of the outcome of his case. Thus, Petitioner is denied relief sub-claim D of Ground Two.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Florida Attorney General is dismissed as a named Respondent from this action.

2. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** for the reasons set forth herein.

3. The Clerk of the Court shall enter judgment accordingly; terminate any pending motions; and, close this file.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of August, 2013.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: alj
Copies: All Parties of Record